IRA H. LOHMAN, Ancillary Administrator in Missouri of Estate of JAMES McDOUGALL, Appellant, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, A Missouri Corporation.—33 S. W. (2d) 117.

Court en Banc, November 25, 1930.

D. W. *Peters* and *Barnett & Hayes* for appellant.

*Frank H. Moore, Cyrus Crane* and *A. F. Smith* for respondent; *Samuel W. Moore* of counsel.

BLAIR, J.—This (Lohman, Ancl. Admr. of Estate of James Mc-Dougall v. Railway Co.) is a companion case to Lohman, Ancillary Administrator of Estate of Carl F. W. G. Upmann, v. Kansas City Southern Railway Company, *ante*, page 819, this day decided. The facts are quite like those in the Upmann case. McDougall lived in New York and died there owning and having in his possession certain shares of preferred stock of the defendant railway corporation, which thereafter came into the possession of his executors. In this case, however, plaintiff's demand upon defendant was made before defendant had transferred the stock on its transfer books in New York and hence it refused to make such transfer. Thereupon, the New York executors brought suit against defendant in the Supreme Court of New York, a court of general jurisdiction, and secured personal service upon defendant in that state. Thereafter judgment was rendered ordering defendant to transfer McDougall's shares of stock on its books and issue certificates therefor to the New York executors. This was done.

We held in the Upmann case that the shares of stock had a situs in New York for transfer purposes where, as here, there were no unpaid debts or taxes in this State. Defendant maintained an office in New York and was there personally served with process. The Supreme Court of that state, therefore, had before it both defendant and the stock, to the extent that it was called upon to deal with said

stock, and had full power and jurisdiction to decide the right of the New York executors to have the shares of stock transferred to them. Under the full-faith-and-credit clause of the Federal Constitution, it is our duty to recognize the validity and finality of the judgment rendered by that court.

The judgment of the trial court is affirmed and the case is transferred to the court en banc. All concur.

PER CURIAM:—The foregoing opinion of BLAIR, J., delivered in Division Two, is adopted as the opinion of the Court en Banc. *Ragland, C. J., Blair, Atwood, Gantt, Frank* and *White, JJ.*, concur.